APPEL, Justice
(concurring specially).
I agree with the result in the majority opinion and much of the analysis contained in it. I write separately only to emphasize the narrowness of today’s ruling.
The sole issue raised in this ease is whether there is substantial evidence to support the verdict. On this narrow issue, there is authority in some jurisdictions that the use of a racial epithet in the heat of a fight or altercation, standing alone, may be insufficient to support a conviction of a hate crime. See Commonwealth v. Ferino, 433 Pa.Super. 306, 640 A.2d 934, 938 (1994).
In this case, there was substantial evidence that Hennings uttered a racial epithet at the conclusion of the initial encounter. But that was not the end of the matter. Instead of leaving, there was substantial evidence that Hennings returned to the scene and began using his vehicle to chase down an African-American youth.
Why did Hennings engage in this odd behavior when he had already begun to withdraw from the scene? In explaining his behavior to police who were investigating the incident, Hennings, after repeatedly using racially derogatory terms to describe the boys, declared “What ... fuckin nigger don’t have enough sense to stay out the fuckin road ... they deserve to get hit.” These were not angry words made in the course of a heated struggle, an isolated or stray comment reflecting the anger of the moment, or even simply a strident declaration of philosophy or belief. Hen-nings made these statements after passions had cooled to investigating officers trying to determine, among other things, why Hennings did not simply break off the encounter. Hennings, apparently, found repeated pejorative racial reference to the youth as relevant to explain his odd behavior that night, and so did the jury. On this record, I am satisfied that there is sufficient evidence to support the conviction of a hate crime.
I observe, however, that courts must take care to ensure that a defendant is not convicted of a hate crime merely because a defendant holds unorthodox or unpopular beliefs. In a hate-crimes case, the trial judge must carefully control the admission of evidence and ensure that the jury is properly instructed on the law. Where convictions result, courts must carefully review the record to ensure that the jury has not convicted the defendant of a hate crime based merely upon his or her unsavory views.
WIGGINS and BAKER, JJ., join this special concurrence.